

LFP Internet Group, LLC,  §
A CALIFORNIA COMPANY,  §
                     PLAINTIFF,  §
                              §
                              §
VS.                           §
                              §
DOES 1-635                    §      C.A. NO.: 3:10-cv-01863-O
                              §
           DEFENDANTS.        §

## MOTION AND MEMORANDUM OF DOE 288 (I.P. ADRESS 98.202.13.115) TO QUASH SUBPOENA

## ARGUMENT

**I.     Plaintiff Has Not Established That The Court Has Personal Jurisdiction Over Defendant Doe 288.**

Plaintiff has not established that this Court has personal jurisdiction over

Defendant Doe 288 ("Doe 288").  Consequently, the Court may not authorize or enforce

any discovery Plaintiff seeks or directed at Doe 288.  *See, e.g., Enterprise Int'l v.*

*Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 470-471 (5th Cir. 1985) (no

authority to issue preliminary relief without personal jurisdiction).  *Accord, United Elec.,*

*Radio and Mach. Workers of America v. 163 Pleasant Street Corp.*, 960 F.2d 1080, 1084

(1st Cir. 1982) (same).

The constitution imposes on every plaintiff the burden of establishing personal

jurisdiction as a fundamental matter of fairness, recognizing that no defendant should be

forced to have his rights and obligations determined in a jurisdiction with which he has

no contact.  These requirements "give a degree of predictability to the legal system that

allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Accordingly, the Plaintiff bears the burden of pleading sufficient facts sufficient to support the Court's exercise of personal jurisdiction over the Doe 288. Simply reciting personal jurisdiction requirements is not enough, nor are the assertions or naked legal conclusions; rather, Plaintiff must assert the factual basis underlying its claims. *See, e.g., McLaughlin v. McPhail*, 707 F.2d 800, 806-07 (4th Cir. 1983) (plaintiff must allege specific facts connecting the defendant with the forum to make a *prima facie* showing of personal jurisdiction and "the bare allegations of conspiracy or agency is insufficient to establish personal jurisdiction."); *Wince v. Easterbrooke Cellular Corp.*, 681 F. Supp. 2d 688, 691 (N.D. W.Va. 2010) (Judge Bailey) ("[T]he plaintiff bears the burden of producing facts that support the existence of jurisdiction.") (*citing Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) ("When personal jurisdiction is properly challenged under Rule 12(b)(2), the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff")).

Plaintiff cannot make a *prima facie* showing that this Court has personal jurisdiction over Doe 288, be it under a theory of domicile or "minimum contacts." *See Milliken v. Meyer*, 311 U.S. 457, 463-464 (1940), *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945). The Internet Protocol address of Doe 288 identified in Plaintiff's subpoena, 98.202.13.115, does not correspond to a Texas subscriber. This is a fact that Plaintiff could have readily discerned through publicly available information at the time of the filing of its complaint. Without any *prima facie* evidence to support the claim that

the alleged infringement took place within the state of Texas, Plaintiff cannot establish minimum contact and therefore the Court cannot exercise personal jurisdiction over Doe 288.

To the extend that Plaintiff is suggesting a more expansive theory of personal jurisdiction based on the cross-border accessibility of information on the Internet, that argument too must fail on the basis of insufficient contacts. The mere fact that the Internet permits access to information by residents of every state as well as other countries does not mean that the person engaged in that activity can be sued anywhere in the United States. As the Fourth Circuit explained in *ALS Scan v. Digital Service Consultants*, 293 F.3d 707 (4th Cir. 2002):

> The argument . . . be made that the Internet's electronic signals are surrogates for the person and that Internet users conceptually enter a State to the extent that they send their electronic signals into the State, establishing those minimum contacts sufficient to subject the sending person to personal jurisdiction in the State where the signals are received. Under this argument, the electronic transmissions symbolize those activities ... within the state which courts will deem to be sufficient to satisfy the demands of due process. But if that broad interpretation of minimum contacts were adopted, State jurisdiction over persons would be universal, and notions of limited State sovereignty and personal jurisdiction would be eviscerated.
>
> In view of the traditional relationship among the States and their relationship to a national government with its nationwide judicial authority, it would be difficult to accept a structural arrangement in which each State has unlimited judicial power over every citizen in each other State who uses the Internet. . . . That thought certainly would have been considered outrageous in the past when interconnections were made only by telephones. . . . But now, even though the medium is still often a telephone wire, the breadth and frequency of electronic contacts through computers has resulted in billions of interstate connections and millions of interstate transactions entered into solely through the vehicle of the Internet.

*Id.* at 712-713 (citations omitted).

Accordingly, the Fourth Circuit limited the exercise of personal jurisdiction based on Internet usage to situations the defendant "(1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts.  Under this standard, a person who simply places information on the Internet does not subject himself to jurisdiction in each State into which the electronic signal is transmitted and received." *Id.* at 714.

In this case, even assuming that Doe 288 knew he or she was infringing on one of Plaintiff's copyrights, there is no evidence that Plaintiff has any connection to Texas whatsoever.  Moreover, there are likely individuals who have been sued in these mass copyright lawsuits who did not themselves download the song or movie in question, but simply made the mistake of maintaining an unsecured wireless network that allowed neighbors to obtain Internet access.  Whether or not such individuals can be sued for copyright infringement, at the very least those individuals did not knowingly direct tortious activity at Texas.

Requiring Doe 288 to litigate this case across the country in this District creates exactly the sort of hardship and unfairness that the personal jurisdiction requirements exist to prevent.  It requires that Doe 288 urgently secure counsel far from home where he or she has no contacts.  In this particular instance, the hardship is very clear.  When the underlying claim is copyright infringement, the cost of securing counsel even to move to quash a subpoena is likely more than the cost of settlement and possibly even more than the cost of judgment if the Defendant lost in the litigation entirely.

Plaintiff's failure to meet its jurisdictional burden is to be determined before discovery is issued, not after. To the extent that Plaintiff argues that it must be able to seek discovery so that it can discover facts to support its jurisdictional allegations, this effort too must fail.

While some courts have permitted limited jurisdictional discovery where a plaintiff has alleged incomplete jurisdictional facts, no basis exists to allow such discovery here. As one Court noted earlier this year:

> As the Fourth Circuit has explained, "[w]hen a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." *Carefirst of Md., Inc.* [*v. Carefirst Pregnancy Ctrs., Inc.*], 334 F.3d [390,] 402 [(4th Cir. 2003)]. Likewise, if "the plaintiff simply wants to conduct a fishing expedition in hopes of discovering some basis of jurisdiction," a court may deny a request for discovery. *Base Metal Trading, Ltd. v. OJSC Novokuznetsky Aluminum Factory*, 283 F.3d 208, 216, n. 3 (4th Cir. 2002).

*Wince*, 681 F. Supp. 2d at 691. Where, as here, the Plaintiff's own factual allegations regarding IP addresses plainly serve only to demonstrate the absence of proper jurisdiction, the Court should decline to extend this case further.

## II.   The Joinder of Hundreds of Individual Defendants Who Engaged in Entirely Disparate Alleged Acts in Single Actions is Improper Under Federal Rule 20.

There is little doubt that Plaintiff's joinder of hundreds of Defendants per action is improper and runs the tremendous risk of creating unfairness and denying individual justice to those sued. Mass joinder of individuals has been disapproved by federal courts in copyright infringement cases based on computer downloads before. As one court noted:

> Comcast subscriber John Doe 1 could be in innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed on Plaintiffs' works. John Doe 3 through 203 could be

thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiff's property and depriving them, and their artists, of the royalties they are rightly owed. . . . Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) Defendants.

*BMG Music v. Does 1-203*, No. Civ.A. 04-650, WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants).

Rule 20 requires that, for parties to be joined in the same lawsuit, the claims against them must arise from a single transaction or a series of closely related transactions. Specifically:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20. Thus, multiple defendants may be joined in a single lawsuit only when three conditions are met: (1) the right to relief must be "asserted against them jointly, severally, or in the alternative"; (2) the claim must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences"; and (3) there must be a common question of fact or law common to all the defendants. *Id.*

Joinder based on separate but allegedly similar behavior by individuals using the Internet to commit copyright infringement has been rejected by courts across the country. In *LaFace Records LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), the court ordered severance of lawsuit against thirty-eight defendants where each defendant used the same Internet Service Provider ("ISP") as well as some of the same peer-to-peer ("P2P") networks to commit the exact same violation of the law in exactly the same way. The court explained: "[M]erely committing the same type of violation in the same way does not link defendants together for purposes of

6

joinder." *LaFace Records*, 2008 WL 544992, at *2. In *BMG Music v. Does 1-4*, No.

3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006),

the court *sua sponte* severed multiple defendants in action where the only connection

between them was allegation they used the same ISP to conduct copyright infringement.

*See also, e.g., Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S.

Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended *sua sponte*

severance of multiple defendants in action where only connection between them was

allegation they used the same ISP and P2P network to conduct copyright infringement);

*BMG Music*, No. Civ. A. 04-650, 2004 WL 953888, at *1 (severing lawsuit involving

203 defendants); General Order, *In re Cases filed by Recording Companies*, filed in

*Fonovisa, Inc. et al. v. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording*

*Corporation, et al. v. Does 1-151* (No. A-04-CA-636 SS), *Elektra Entertainment Group,*

*Inc. et al. v. Does 1-11* (No. A-CA-703 LY); and *UMG Recordings, Inc., et al. v. Does 1-*

*151* (No. A-CA-704-LY) (W.D. Tex. Nov. 17, 2004) (dismissing without prejudice all

but first defendant in each of four lawsuits against a total of 254 defendants accused of

unauthorized music file-sharing); Order Granting in Part and Denying in Part Plaintiffs'

Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26

Conference, *Twentieth Century Fox Film Corp., et al., v. Does 1-12*, No. C-04-04862

(N.D. Cal Nov. 16, 2004) (in copyright infringement action against twelve defendants,

permitting discovery as to the first Doe defendant but staying case as to remaining Does

until plaintiff could demonstrate proper joinder).

Allegations that the Defendants in the instant cases used (for example) the same

type of software to infringe Plaintiff's copyrights do not meet the requirements of Rule

20. *See, e.g., Nassau County Ass'n of Ins. Agents, Inc., v. Aetna Life & Cas. Co.*, 497 F.2d 1151, 1154 (2d Cir. 1974) (refusing to allow 164 insurance companies to be joined in a single action on the basis that they allegedly used the same methods to cheat agents, describing that attempted joinder as "a gross abuse of procedure."). Neither do allegations that Defendants downloaded the same movie. Whether the alleged infringement concerns a single copyrighted work or many, it was committed by unrelated Defendants, at different times and locations, sometimes using different services, and perhaps subject to different defenses. Such an attenuated relationship is not sufficient for joinder. *See BMG Music v. Does 1-203*, 2004 WL 953888, at *1.

Even if the requirements for permissive joinder under Rule 20(a)(2) are met, the district court has broad discretion to refuse joinder or to sever the case under Rule 21 in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness. *See, e.g., Acevedo v. Allsup's Convenience Stores*, 600 F.3d 516, 521 (5th Cir. 2010) (*citing Applewhite v. Reichhold Chems.*, 67 F.3d 571, 574 (5th Cir. 1995). The Court at minimum should exercise that discretion here. Joining hundreds of unrelated Defendants in one lawsuit here make litigation less expensive for Plaintiff by enabling it to avoid the separate filing fees required for individual cases any by enabling its counsel to avoid travel, but that does not mean these well-established joinder principles need not be followed. Because the improper joining of hundreds of Doe Defendants into single lawsuits raises serious questions of individual fairness and individual justice, the Court should sever all but the first Doe Defendant from the case. *See* FED. R. CIV. P. 21.

DATED:  December 27, 2010

_____
(Doe #288, I.P. Address 98.202.13.115)

## CERTIFICATE OF MAILING

I hereby certify that on December 27, 2010 I delivered this **MOTION AND MEMORANDUM OF DOE 288 (I.P. ADRESS 98.202.13.115) TO QUASH SUBPOENA** to the following recipients:

1.      Comcast Legal Response Center via Facsimile:
         (866) 947-5587

2.      U.S. District Court Northern District of Texas, Dallas Division via First Class Mail:

              1100 Commerce Street, Room 1452
              Dallas, TX 75242

3.      Evan Stone, Esq.
         624 W. University Drive, #386
         Denton, TX 76201

_____
(Doe #288, I.P. Address 98.202.13.115)



U.S. POSTAGE
PAID
SALT LAKE CITY, UT
84101
DEC 28, '10
AMOUNT
$1.22
00019936-03

1000     75242

UNITED STATES
POSTAL SERVICE

FIRST CLASS

8 AM

U. S. District Court,
Northern District of Texas,
Dallas Division
1100 Commerce Street,
Room 1452
Dallas, TX 75242

RECEIVED
JAN - 3 2011
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS